CTJ/RMT
ORIGINAL

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX.
FT. WORTH DIVISION

2009 OCT -8  PM 1:48

CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BELL AEROSPACE SERVICES, INC. <br> 1305 Airport Freeway, Suite 321 <br> Bedford, TX 76021 <br><br>     Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF DEFENSE, <br> 1000 Defense Pentagon <br> Washington, DC 20301, <br><br> and <br><br> DEFENSE CONTRACT MANAGEMENT AGENCY, AERONAUTICAL SYSTEMS DIVISION, <br> 495 Summer Street <br> Boston, MA 02210-2184 <br><br>     Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § § |

**4 - 09 CV - 591 - Y**

Civil Action No. _____

## COMPLAINT

Plaintiff Bell Aerospace Services, Inc. ("Bell Aero"), by counsel, files this Complaint against the United States Department of Defense and the Defense Contract Management Agency, Aeronautical Systems Division, and states as follows:

### NATURE OF THE ACTION

1.  This action arises from the recent decision of Defendant Defense Contract Management Agency, Aeronautical Systems Division ("DCMA"), a subagency of Defendant United States Department of Defense ("DOD"), to release certain confidential information ("Information") pursuant to a Freedom of Information Act ("FOIA") request that relates to Bell

Aero and its business division US Helicopter ("USH"). Bell Aero requests that the Court declare that the Information in question constitutes trade secrets and/or confidential commercial information that is exempt from disclosure under FOIA Exemption 4 and prohibited from disclosure by the Trade Secrets Act, hold unlawful and set aside DCMA's decision to release such Information to the requester, and permanently enjoin DOD and DCMA from releasing the Information. Bell Aero is not seeking a preliminary injunction at this time because the applicable regulations prohibit release of the Information until the Court so orders, *see* 32 C.F.R. § 286.25(e) & 286.23(h), and DCMA has represented to Bell Aero that it will not release the Information so long as Bell Aero initiates this action by October 8, 2009.

## PARTIES

2.      Plaintiff Bell Aero is a Delaware corporation with its principal place of business located at 1305 Airport Freeway, Bedford, Texas. Bell Aero is a wholly owned subsidiary of Bell Helicopter Textron, Inc. USH is an unincorporated business division of Bell Aero with its principal place of business in Ozark, Alabama.

3.      Defendant DOD is a Department of the Executive Branch of the United States Government. DOD is responsible for and controls the DCMA and DCMA Aeronautical Systems Division. DOD can be served at 1000 Defense Pentagon, Washington, D.C. 20301 and through the United States Attorney for the Northern District of Texas, Civil Process Clerk, 801 Cherry Street, Suite 1700, Fort Worth, Texas 76102 and Attorney General of the United States, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001.

4.      Defendant Defense Contract Management Agency, Aeronautical Systems Division, is a regional office of DCMA with its headquarters at 495 Summer Street, Boston, Massachusetts. DCMA has custody and control of the Information at issue, and issued the letter to Bell Aero in which it proposed to release that Information to the requester. Bell Aero is not

entitled to appeal the Aeronautical Systems Division's action within DCMA or DOD, and has therefore exhausted its administrative remedies. DCMA can be served at Aeronautical Systems Division, 495 Summer Street, Boston, MA 02210-2184 and through the United States Attorney for the Northern District of Texas, Civil Process Clerk, 801 Cherry Street, Suite 1700, Fort Worth, Texas 76102 and Attorney General of the United States, 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530-0001.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the action arises under the laws of the United States, including FOIA and the Trade Secrets Act. Plaintiff also invokes this Court's authority to issue declaratory judgments under 28 U.S.C. § 2201-2202. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (e).

## STATEMENT OF FACTS

6.    Bell Aero, through USH, provides helicopter repair, maintenance, and overhaul services for the U.S. armed forces and domestic government agencies. USH also sells those services to commercial customers and to foreign governments, both directly and under the Foreign Military Sales program.

7.    The bulk of USH's business is the refurbishment of single-engine and twin-engine Huey (UH-1) helicopters, which involves refurbishing existing aircraft, providing customer-requested upgrades, and installing upgrade "kits" provided by Bell Helicopter Textron, Inc. These activities include refurbishment of all aircraft components, sheet metal repair, rewire, avionics installation, painting, and reassembly processes. USH is also qualified to provide repair, maintenance, and overhaul services on commercial helicopters, including the Bell 206B, Bell 206L, Bell 212, and Bell 412, and the U.S. Army's OH-58 helicopter.

8.      USH operates in a very competitive marketplace and has several well-established competitors. A substantial percentage of the helicopter repair, maintenance, and overhaul work for which USH competes is awarded to these competitors by USH's customers.

9.      In addition to the above competitors, a start-up company in Alabama has recently been established to compete directly with USH. Within the past year, approximately 15 people have left USH to work for this new USH competitor titled "U.S. Aero Services." There is a lawsuit pending between USH and U.S. Aero Services in the United States District Court for the Middle District of Alabama, and USH has alleged that several of the former USH employees illegally obtained information and documentation that has allowed U.S. Aero Services to go into competition with USH.

## FOIA REQUEST

10.     The previous President of Bell Aero, Mr. Michael Prieto, was terminated from Bell Aero in June 2008. He filed a lawsuit against Bell Aero and its parent companies in November 2008 alleging that he had been terminated for attempting to investigate labor mischarging and other alleged improprieties at Bell Aero and USH, and that his termination was wrongful and in violation of Texas law. He is seeking to recover many different categories of damages. Mr. Prieto is represented by the law firm of Gillespie, Rozen, Watsky & Jones, P.C.

11.     On April 6, 2009, the law firm of Gillespie, Rozen, Watsky & Jones, P.C. submitted a FOIA request to the DCMA. This request sought "Records of investigations into contracts with US Helicopter, a division of Bell Aerospace Services, Inc. occurring within the last 3 years. This includes any audits that revealed potential mischarging on government contracts."

12.     Mr. Prieto has admitted that he is, or has been, consulting with U.S. Aero.

4

13.    On information and belief, the FOIA request submitted by the Gillespie firm is an attempt by Mr. Prieto, though his law firm, to get documents from the DCMA for use in connection with his private wrongful termination lawsuit against Bell Aero and its parent companies, and/or for use by Mr. Prieto in consulting with U.S. Aero to assist that company in its ongoing attempts to compete with USH.

## DCMA'S FIRST FOIA LETTER

14.    On June 12, 2009, DCMA notified Bell Aero by letter that it had received a FOIA request seeking Information about investigations concerning USH from the prior three years. DCMA stated that it had determined that certain DCMA documents, Defense Contract Audit Agency ("DCAA") audit reports, and related documents contained Information that was responsive to this FOIA request and could be released to the requestor.  DCMA stated that it did not believe that any of the documents contained confidential or proprietary information, but acknowledged that Exemption 4 of the FOIA, 5 U.S.C. § 552(b)(4), could be applicable. Exemption 4 prohibits release of a private party's trade secrets, and also prohibits release of its confidential commercial information where disclosure of such Information would impair the government's access to necessary Information or would likely cause the private party substantial competitive harm.   DCMA directed Bell Aero to submit a detailed justification for the withholding of the documents under Exemption 4.

15.    Bell Aero responded on July 22, 2009 and sent a more detailed response on August 13, 2009, demonstrating that all of the documents at issue constitute trade secrets and/or confidential commercial information exempt from disclosure under FOIA Exemption 4.  Bell Aero's August 13 letter was supported by declarations from Bell Aero and USH personnel stating that release of the Information that DCMA proposed to release would cause Bell Aero and USH

substantial competitive harm and would impede the Government's ability to obtain the same or similar information from Bell Aero/USH or other contractors.

## DCMA'S SECOND FOIA LETTER

16.    DCMA sent a second letter to Bell Aero on August 6, 2009, proposing to release additional documents responsive to the same FOIA request. DCMA again acknowledged that Exemption 4 could apply and directed Bell Aero to submit a justification under Exemption 4 for withholding the documents in question.

17.    On August 21, 2009, Bell Aero responded to DCMA's August 6 letter, explaining that all of the documents identified were trade secrets and/or confidential commercial information that is exempt from release under Exemption 4. Bell Aero's August 21 letter was supported by declarations identifying the competitive harm to Bell Aero that would result from release and explaining how the Government's access to necessary Information would be impaired. Bell Aero's letter was also accompanied by proposed redactions of the documents that removed all trade secrets and proprietary information while preserving information that could be publicly disclosed under the FOIA.

## DCMA 'S REJECTION OF BELL AERO'S RESPONSES

18.    On September 28, 2009, DCMA (through its Aeronautical Systems Division) rejected Bell Aero's responses and stated that it would release a significant portion of the Information that it had previously determined to be responsive to the FOIA request, claiming that the Information did not fall within the scope of Exemption 4. DCMA did agree to redact certain portions of the Information it had originally proposed to release, but did not redact significant amounts of trade secret and confidential information. DCMA further informed Bell Aero that it would not release the documents if Bell Aero brought suit on or before October 8, 2009.

## COUNT I
### (RELEASE OF DOCUMENTS NOT IN ACCORDANCE WITH LAW)

19.    Bell Aero hereby incorporates by reference paragraphs 1-18 above.

20.    Bell Aero's responses to DCMA, including the declarations submitted therewith, establish that the Information that DCMA proposes to release constitutes trade secrets and/or confidential commercial information that is exempt from disclosure under FOIA Exemption 4, 5 U.S.C. § 552(b)(4), and the Trade Secrets Act, 18 U.S.C. § 1905. DCMA's decision to release the Information is not in accordance with law under Section 706 of the APA, 5 U.S.C. § 706.

## COUNT II
### (ARBITRARY AND CAPRICIOUS AGENCY ACTION)

21.    Bell Aero hereby incorporates by reference paragraphs 1-18 above.

22.    Bell Aero's responses to DCMA, including the declarations submitted therewith, establish that the Information that DCMA proposes to release constitutes trade secrets and/or confidential commercial information that is exempt from disclosure under FOIA Exemption 4, 5 U.S.C. § 552(b)(4), and the Trade Secrets Act, 18 U.S.C. § 1905. DCMA's decision to release the Information at issue is arbitrary and capricious under Section 706 of the APA, 5 U.S.C. § 706.

## COUNT III
### (DECLARATORY JUDGMENT ACT)

23.    Bell Aero hereby incorporates by reference paragraphs 1-18 above.

24.    This Court has authority pursuant to 28 U.S.C. § 2201-2202 to declare that the Information that DCMA proposes to release constitutes trade secrets and/or confidential commercial information and is protected from disclosure by FOIA Exemption 4, 5 U.S.C. § 552(b)(4), and the Trade Secrets Act, 18 U.S.C. § 1905.

## **PRAYER FOR RELIEF**

WHEREFORE, Bell Aero respectfully requests the Court to:

(A)    Hold unlawful and set aside DCMA's decision to release the Information at issue;

(B)    Declare that the Information at issue constitutes trade secrets and/or confidential commercial information that is protected from disclosure by FOIA Exemption 4, 5 U.S.C. § 552(b)(4), and the Trade Secrets Act, 18 U.S.C. § 1905;

(C)    Permanently enjoin DOD, DCMA, and their officers, agents and employees, and those acting in concert with them, from disclosing the Information at issue; and

(D)    Order such other and further relief as may be deemed just and proper by the Court.

Dated:  October 8, 2009

Respectfully submitted,

J. Frank Kinsel, Jr.
State Bar No. 11488700
David B. Dowell
State Bar No. 06077950
John S. Polzer
State Bar No. 24042609

of

Cantey Hanger LLP
600 W. 6th St. #300
Fort Worth, TX 76102
(817) 877-2800 (telephone)
(817) 877-2807 (fax)

ATTORNEY FOR PLAINTIFF
BELL AEROSPACE SERVICES, INC.

Of Counsel:

Robert K Huffman
Peter B. Hutt II
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Ave., N.W.
Washington, DC 20033
(202) 887-4000 (telephone)
(202) 887-4288 (fax)

CTJ/RMT

ORIGINAL

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

RECEIVED
U.S. DISTRICT COURT
FT WORTH DIVISION

2009 OCT -8 PM 1:48

CLERK OF COURT.

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Bell Aerospace Services, Inc. | United States Department of Defense, Defense Contract Management Agency, Aeronautical Systems Division |

**(b)** County of Residence of First Listed Plaintiff  **Tarrant**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
J. Frank Kinsel, David B. Dowell, John S. Polzer, Cantey Hanger LLP, 600 W. 6th St., Ste. 300, Fort Worth, TX 76102

Attorneys (If Known)

**4-09 CV-591-Y**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff
☐ 3  Federal Question (U.S. Government Not a Party)
☒ 2  U.S. Government Defendant
☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☒ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
5 U.S.C. Sec. 552
Brief description of cause:
Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE
10/08/2009

SIGNATURE OF ATTORNEY OF RECORD
David B Dowell

**FOR OFFICE USE ONLY**

RECEIPT #  FW9652    AMOUNT  350    APPLYING IFP    JUDGE    MAG. JUDGE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## Civil Filing Notice - Fort Worth Division

CIVIL ACTION NO:    4 - 09 CV - 59 1 - Y

This case has been assigned to District Judge: _____

(Complete if applicable)
TRANSFERRED FROM: _____    DATE FILED: _____

Civil cases are assigned to a judge by random draw. A docket clerk for each judge maintains the recording of documents filed with the Clerk. A complete list of phone numbers for both the judges' chambers and the docket clerks is provided.

| | Judge | Court Settings | Pleadings Filed |
|---|---|---|---|
| (A) | Judge John H. McBRYDE | (817)850-6650 | (817)850-6611 |
| | Even Cases: 850-6652   Odd Cases: 850-6653 | | |
| (Y) | Judge Terry R. MEANS | (817)850-6673 | (817)850-6612 |
| (BE) | Magistrate Judge Charles BLEIL | (817)850-6690 | (817)850-6697 |

For access to local rules, attorney admission information, frequently asked questions, common forms, filing instructions, and records information, please visit our web site at **www.txnd.uscourts.gov**. To speak to someone in the district clerk's office, please call (817) 850-6601.

To receive electronic access to court docket sheets and filed documents, contact the PACER Service Center at **www.pacer.pcs.uscourts.gov** or by phone at 1-800-676-6856 for a log-in and password.